UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Frankfort)

| | | |
|---|---|---|
| DARIN F. KROGER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 3: 11-21-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| LELAND T. BRIDGEWATER, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of Defendant Leland T. Bridgewater's ("Bridgewater") motion to dismiss or, in the alternative, to transfer venue. [Record No. 4] For the reasons discussed below, the Court will grant the alternative relief requested and transfer this action to the Southern District of Indiana for further proceedings.

**I.  Relevant Facts**

This case involves an accident involving a pedestrian (Kroger) and a vehicle driven by Bridgewater. [*See* Record No. 1; Complaint.] Bridgewater's vehicle was insured by Motorist Mutual Insurance Company ("Motorist Mutual"). Kroger alleges that he is a resident of the State of Indiana, while Bridgewater is a resident of the Commonwealth of Kentucky.[1]

---

[1]  The Court notes that this allegation is insufficient to establish diversity jurisdiction under 28 U.S.C. § 1332. Instead, jurisdiction under this statutory section is based on citizenship. Ordinarily, this deficiency would result in an order to show cause why the action should not be dismissed for failure to sufficiently plead

Kroger contends that:

> [o]n or about July 23, 2009, [he] was walking in a lawful and safe manner on the sidewalk along Jefferson Street, in Madison, Indiana. . . . When [he] reached the intersection of Jefferson Street and East Main Street, he began to cross East Main Street in a lawful and safe manner in the pedestrian walk way. . . . At the same time, Bridgewater approached the same intersection traveling westbound in his motor vehicle on East Main Street with the intention to turn north onto Jefferson Street. . . . Bridgewater admits that the light at the intersection was red, and that he was making a right turn, but did not notice Mr. Kroger in the pedestrian walk way. Bridgewater admits that he struck Mr. Kroger with his motor vehicle while Mr. Kroger was in the pedestrian walk way and Bridgewater stated multiple times at the scene that it was Bridgewater's fault and that he was sorry.

[Id., at ¶¶ 8-11] His original Complaint contains three counts. First, in paragraphs 20 through 23, he asserts a claim of negligence against Bridgewater. Next, in paragraphs 24 through 27, he alleges that, as a result of its failure to pay his demand under Bridgewater's insurance policy, Motorist Mutual violated the Unfair Claims Settlement Practices Act as codified in Kentucky Revised Statutes ("KRS") § 304.12-230. Finally, in paragraphs 28 through 30, Kroger contends that Motorist Mutual's actions in refusing to settle his claims constitute bad faith.

On July 15, 2011, Bridgewater moved the Court to dismiss the plaintiff's complaint or, alternatively, to transfer the action to Indiana for further proceedings. In support of this motion, the defendant argued that venue in this district is improper under 28 U.S.C. § 1391(a) because: (i) both of the defendants named in the Complaint (Bridgewater and Motorist Mutual) do not reside in the same state and (ii) the events giving rise to the plaintiff's claims

---

diversity jurisdiction. However, in light of this Court's decision to transfer the matter, no further action will be taken in this jurisdiction to address this error in the plaintiff's Complaint.

– the pedestrian/motor vehicle accident – did not occur in this jurisdiction. Kroger has not responded to Bridgewater's motion. Instead, on July 19, 2011, he filed a notice of voluntary dismissal of the claims asserted against Motorist Mutual pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure.

**II.     Analysis**

    **A.     The Defendant's Motion To Dismiss**

Title 28 of the United States Code, § 1391, provides the method of determining the proper venue for an action based on diversity jurisdiction. It states that:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, *if all defendants reside in the same State*, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(a) (emphasis added). Because the defendant's motion to dismiss is not considered a responsive pleading for purposes of Rule 41 of the Federal Rules of Civil Procedure, Kroger was authorized to dismiss his claims against Motorist Mutual without leave of Court.² As a result, venue is appropriate in the district in which the remaining defendant resides (*i.e.*, the Eastern District of Kentucky) or in the district in which the accident occurred (*i.e.*, the Southern District of Indiana).

---

²     Voluntary dismissal of a party may be accomplished without a court order by the filing of a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment. *See* Rule 41(a)(1)(A), Fed. R. Civ. P.

## B. The Defendant's Motion To Transfer Venue

As alternative relief, Bridgewater asks the Court to transfer venue of this action "to a proper venue" which the Court interprets to be the district in which the subject accident occurred. [Record No. 4, p. 3] With respect to this issue, 28 U.S.C. § 1404 provides:

> (a) For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

28 U.S.C. § 1404(a). However, before this statutory section is applicable, the initial venue choice made by the plaintiff must be proper under the general venue statute (28 U.S.C. § 1391) or an applicable special venue provision. Otherwise, the action should be dismissed or transferred under 28 U.S.C. § 1406.[3]

The purpose of a § 1404(a) transfer is to prevent wasting time, energy, and money and, in addition, to safeguard parties, witnesses, and the public against avoidable inconvenience and expense. *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998). In making the determination regarding whether to transfer an action to another district, courts may weigh and balance a number of factors relevant to the particular case. *See* 17 MOORE'S FEDERAL PRACTICE, § 111.13 (Matthew Bender 3d ed.) Here, the most relevant factors apparent from the record would include the convenience of the parties and witnesses and the relative familiarity of the court with the applicable law.

---

[3] This statutory section provides, in relevant part, that:

> (a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

Consideration of additional factors which would otherwise be included in this analysis is not appropriate where the parties' have not provided the Court with sufficient information to evaluate those factors. Bare bones pleadings are generally insufficient for this purpose.

In the present case, there is no dispute that the accident giving rise to Kroger's remaining claim of negligence (Count II) occurred in the Southern District of Indiana. Presumably, most of the witnesses to the accident reside nearby. Likewise, it would appear that Indiana law will be applied to this claim. *See Adam v. J. B. Hunt Transport, Inc.*, 130 F.3d 219, 230 (6th Cir. 1997) (In tort cases, the conflict of laws question should not be determined on the basis of a weighing of interests but simply on the basis of whether Kentucky has enough contacts to justify applying Kentucky law.) It simply does not appear that Kentucky has enough contacts to justify application of Kentucky law to the plaintiff's negligence claim.

Here, the only connection with Kentucky is Bridgewater's residence in Milton, Kentucky, which is just a couple of miles from the scene of the accident and approximately 60 miles from the United States District Court for the Southern District of Indiana located in New Albany, Indiana. Milton is also approximately 60 miles from Frankfort, Kentucky. Therefore, the factors given the greatest weight in the Court's analysis are the location where the accident occurred and the probable application of Indiana law to the plaintiff's sole claim of negligence. Although the issue is close, a federal court sitting in Indiana would be a more appropriate forum under the circumstances presented. *Laumann Mfg. Corp. v. Castings USA, Inc.*, 913 F.Supp. 712, 721-722 (E.D.N.Y. 1996).

### III. Conclusion

As a result of the plaintiff's dismissal of Defendant Motorist Mutual Insurance Company as a party to this proceeding, dismissal of the entire action would not be appropriate based on improper venue because the sole, remaining defendant resides in this district. However, transfer of this action is appropriate under 28 U.S.C. § 1404(a). The action could have been filed with the United States District Court for the Southern District of Indiana and that court has more familiarity with the governing state law. Accordingly, it is hereby

**ORDERED** as follows:

1. Defendant Bridgewater's motion to dismiss [Record No. 4] is **DENIED**.

2. Defendant Bridgewater's alternative request to transfer venue [Record No. 4] is **GRANTED**.

3. The Clerk of the Court is **DIRECTED** to transfer this action to the United States District Court for the Southern District of Indiana in New Albany, Indiana, for further proceedings.

This 11th day of August, 2011.



Signed By:
*Danny C. Reeves* DCR
United States District Judge